UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KATHY MCELWANEY,

                          Plaintiff,

                          v.

LAWRENCE M. BECKER, et al.,

                          Defendants.
_____

DECISION AND ORDER

16-CV-6578L

      Plaintiff Kathy McElwaney, an employee of Xerox Corporation ("Xerox") brought this lawsuit against the Xerox Corporation Retirement Income Guarantee Plan ("Plan"), and four individuals, who are current or former administrators of the Plan. Plaintiff asserts claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101 *et seq.*

      Plaintiff's claims center on defendants' prospective application, when calculating plaintiff's retirement benefits, of a so-called "phantom account offset," which, in short, reduces retirees' benefits based on an appreciated value of prior distributions. As this Court has stated before, most recently in *Kunsman v. Conkright*, No. 08-CV-6080, 2019 WL 4016592 (W.D.N.Y. Aug. 26, 2019), the phantom account has been the subject of much litigation in recent years, and its operation has been described in several decisions of this Court and the Court of Appeals for the Second Circuit. *See, e.g.*, *Frommert v. Conkright*, 433 F.3d 254, 257-71 (2d Cir. 2006). For the purposes of this Decision and Order, the reader's familiarity with those decisions is assumed.

Defendants have moved (Dkt. #13) to dismiss the complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has cross-moved (Dkt. #15) for summary judgment.

**BACKGROUND**

Plaintiff alleges in the complaint that she first became employed by Xerox in 1979. As a Xerox employee, she was a participant in the Plan.

Plaintiff was laid off in September 1985, and received a lump-sum distribution from the plan of roughly $6500, which represented her accrued benefit at that time. She was rehired by Xerox about seven weeks later, and has apparently remained employed by Xerox since then.

In July 2015, plaintiff asked the plan administrator to provide her with an estimate of what her retirement benefits would be if she retired in February 2016. Plaintiff alleges that when she received a response on July 21, 2015, she was surprised to learn that her benefits would be lower than she expected. She made a further inquiry, and was told that due to the phantom account offset, her prior distribution of $6500 was "worth" nearly $103,000, and that the latter amount would be subtracted from her benefit. Complaint ¶¶ 25-27.[1]

Plaintiff appealed from the administrator's decision. Her appeal was denied in August 2015. Complaint ¶ 30.

After her appeal was denied, plaintiff apparently learned of the *Frommert* and *Kunsman* cases, which had resulted in court decisions invalidating–to some extent–defendants'

---

[1] The $103,000 figure represented a hypothetical appreciation over time of plaintiff's prior $6500 distribution, which would be deducted in calculating her present benefits as of 2016. That is why the offset refers to a "phantom" account.

2

use of the phantom account offset.  She then filed this lawsuit on August 19, 2016, asserting a claim for benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and a claim for breach of fiduciary duty and injunctive relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). In the complaint, plaintiff seeks an order prohibiting defendants from using the phantom account offset to calculate her benefits when she retires from Xerox, and an order requiring defendants to calculate and pay benefits to plaintiff upon her retirement in accordance with the remedy ordered in the *Frommert* action.

Defendants moved to dismiss the complaint, largely on the ground that plaintiff's claims are time-barred.  Plaintiff then moved for summary judgment, asserting that her claims were timely brought, and that defendants breached their fiduciary duties by failing to apply to her prior court rulings in *Frommert*.

## DISCUSSION

The issues relating to the parties' motions in this action were also presented in another case involving the Xerox phantom account, *Testa v. Becker,* 10-CV-6229.  Like the case at bar, the *Testa* action had been brought by a single plaintiff, Robert Testa, and the defendants asserted that his claim was also untimely.

As explained in this Court's recent decision in *Kunsman*, on December 12, 2018, the Second Circuit issued a decision in *Testa*, in which it affirmed this Court's denial of Testa's claim for benefits, reversed this Court's grant of summary judgment in favor of Testa on his claim for breach of fiduciary duty, and remanded the case with directions to enter judgment for the defendants.  See *Kunsman*, 2019 WL 4016592, at *1 (citing *Testa*, 910 F.3d 677).  The

Second Circuit held that Testa had not timely brought suit, and that defendants were not barred from applying the phantom-account offset to him.

This Court stayed the *Kunsman* action pending a decision by the Court of Appeals in *Testa*, since both cases involved many of the same issues. Following the Second Circuit's *Testa* decision, this Court issued a Decision and Order in *Kunsman* lifting the stay, denying the plaintiffs' motions for summary judgment, granting the defendants' motions for summary judgment, and dismissing the complaint. *Id.* at *6.

Although the Court did not formally enter a stay in the instant action, the Court likewise deferred deciding the motions pending the outcome of the *Testa* appeal. As in *Kunsman*, I see no reason now not to decide the pending motions, in the wake of the Second Circuit's *Testa* decision, which resolved the relevant issues of law. Also as in *Kunsman*, I conclude that based on *Testa*, defendants are entitled to judgment in their favor.

As to plaintiff's claim for benefits, *Testa* makes clear that the claim was not timely brought. As this Court stated in *Kunsman*, "If anything can fairly be said to have now been made clear in these cases, it is that the 1998 SPD [summary plan description] fully and adequately disclosed the details of the phantom account offset, and that the limitations clock began ticking upon plaintiffs' receipt of that SPD." 2019 WL 4016592, at *5. McElwaney's assertion that her claim did not accrue until August 2015, when her administrative appeal was denied, is therefore meritless. *See Holland v. Becker*, No. 08-CV-6171, 2013 WL 5786590, at *4 (W.D.N.Y. Oct. 28, 2013) (stating that plaintiffs could not "unilaterally extend their limitations period by filing administrative claims years after they were put on notice of the

operation of the phantom account," and that "[i]f plaintiffs objected to [the phantom account] offset, their time to challenge it began to run" when they received the 1998 SPD).

Plaintiff devotes most of her arguments on the pending motions to her claim for breach of fiduciary duty. The gist of this claim is that defendants breached their fiduciary duties to her by failing to apply *Frommert* to her, by falsely stating that the phantom account had always been a part of the Plan, and by failing to inform her of court rulings in *Frommert* that were unfavorable to defendants. Plaintiff also asserts that this claim is timely, for a number of reasons.

The Court rejects all of these arguments. This claim is little more than a repackaging of plaintiff's claim for benefits, in the guise of a claim for equitable relief. What plaintiff seeks is additional, increased benefits. If she had a remedy–which she does not, since her claim is untimely–that remedy would be available under § 502(a)(1)(B). *See Meidi v. Aetna, Inc.*, 346 F.Supp.3d 223, 232 (D.Conn. 2018) (noting that "the Supreme Court [has] cautioned against allowing plaintiffs to repackage a simple denial-of-benefits claim as a breach-of-fiduciary-duty claim") (citing *Varity Corp. v. Howe*, 516 U.S. 489, 514-15 (1996)).

Perhaps more to the point, while this Court in *Testa* did allow the plaintiff to proceed on his fiduciary duty claim, based on the plan administrator's continued application of the phantom account even after adverse rulings in *Frommert*, the Court of Appeals flatly rejected that holding and reversed. As explained by this Court in *Kunsman*, 2019 WL 4016592, at *2, the Second Circuit held that its decision in *Frommert* "did not order [the plan administrator] to stop applying the phantom account offset to every single rehired employee who was hired before 1998," and that the administrator "could apply the phantom account offset ... to participants who cannot bring timely claims." *Testa*, 910 F.3d at 684-86. Because Testa's claim was untimely filed, the

5

court held that the plan administrator "did not breach his fiduciary duty by applying the phantom account offset to Testa," and that the administrator was therefore entitled to judgment in his favor.  *Id.* at 686.

The same reasoning applies here.  This Court must adhere to Second Circuit authority.  Although the underlying facts are obviously not identical to those in *Testa*, there is no material difference between the two cases, and the Circuit court's rulings control.

Plaintiff's allegations that defendants fraudulently concealed their breach are meritless, inasmuch as there was no breach to begin with, for the reasons set forth above.  Plaintiff was put on notice in 1998 of the existence and operation of the phantom account.  Her alleged failure to learn of the *Frommert* case or other litigation involving the phantom account until years later cannot be laid at defendants' doorstep.  Plaintiff's suggestion that defendants had a duty to inform plan participants of court rulings adverse to defendants is not supported by the law.  *See Testa*, 910 F.3d at 683 (describing the plaintiff's assertion that "[d]efendants were under a duty to apply any remedy granted in the pending *Frommert* action to all Plan participants" as a "radical argument," which the court rejected).

## CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #13) is granted, plaintiff's motion for summary judgment (Dkt. #15) is denied, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 4, 2019.